UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED MCZEAL,<br><br>    Plaintiff,<br><br>    v.<br><br>SOLON HOUSE, LLC, et al.,<br><br>    Defendants. | Case No. 24-cv-02971-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO STRIKE; DENYING MOTION TO DISQUALIFY**<br><br>Re: Dkt. Nos. 9, 27, 29 |

Plaintiff Alfred McZeal asserts a range of claims that stem from what he believes is a "void judgment" entered by the San Francisco Superior Court in September 2020. Complaint, Dkt. No. 1. That judgment granted a motion to quiet title on a property ("Property") that McZeal believes was and is his. The motion seeking the judgment was filed by attorney Stephen McDonagh (a defendant in this action) on behalf of Bennet Hong, who was appointed by the Superior Court as a successor to defendant Del Prado Family Trust (both Hong and the Trust are named as defendants in this action). Compl., Ex. 1 ("Order Quieting Title," referred to herein a "Quiet Title Judgment"). The Quiet Title Judgment determined that a grant deed purportedly transferring the Property from the Del Prado Family Trust (signed by Rene Del Prado) to McZeal was void because Rene Del Prado did not have the power to transfer the property. Quiet Title Judgment ¶ 3. Therefore, the Superior Court determined that title in the Property was quieted in the name of defendant "Bennett Hong, Successor Trustee of the Del Prado Family Trust." *Id*.

Also named as defendants in this action are Solon House LLC and three individuals who are related to Solon House LLC; Jian Feng Chen, Bradford Hwang, and Kelly Ruiman Chen (collectively "Solon House defendants"). Compl. at pg. 9. McZeal does not plead facts regarding acts by the Solon House defendants. The Solon House defendants assert that Solon House

purchased the Property in December 2020, after the Quiet Title Judgment was entered. Motion to Dismiss ("MTD," Dkt. No. 9-1) at 3. They have moved to dismiss.

The only bases identified by McZeal to support his challenge to the Quiet Title Judgment are: (1) he was never "served with process" regarding the motion to quiet title or, presumably, with the Quiet Title Judgment; and (2) the failure to provide service was to ensure that he would be deprived of his right to appear to contest the motion for quiet title. McZeal alleges that the defendants conspired and intentionally failed to provide service and due process to him. Compl. ¶¶ 9-12. He seeks to void the Quiet Title Judgment and obtain damages for the deprivation of his property, his emotional distress, and violation of "constitutional rights." *Id*. ¶ 6. He asserts claims for:

- "void judgment" due to lack of service that violated his due process rights;
- violation of civil rights under 42 U.S.C. § 1983, because defendants McDonagh and Hong acted "under color of law" to pursue the Quiet Title Action and conspired to deprive McZeal of his rights to equal protection and due process;
- violation of civil rights under 42 U.S.C. § 1985, because defendants conspired to deprive McZeal of his property, due process and equal protection rights based on racial animus;
- violation of civil rights under 42 U.S.C. § 1986, because of defendants' conspiracy and failure to prevent McZeal from losing his property;
- violation of 42 U.S.C. § 1981, because defendants took acts to interfere with McZeal's contractual rights with the Del Prado Family Trust;
- violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO," 18 U.S.C. § 1961 *et seq*.) because defendants engaged in wire, mail and "judicial" fraud to secure the Quiet Title Judgment;
- "cancellation of written instrument" to void the Quiet Title Judgment under California Civil Code § 3412;
- "quiet title" under California Civil Code § 760.020;
- "constructive trust" under California Civil Code §§ 2223, 2224;
- fraudulent misrepresentations, based on unidentified misrepresentations; and

2

1  • claims for "equitable estoppel" and "unjust enrichment" and "declaratory judgment."
2  Compl. Dkt. No. 1.

3      Solon House, LLC – represented by defendant McDonagh – moves to dismiss, arguing that McZeal lacks standing to contest the Quiet Title Judgment, his claims fail to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), and his claims are barred by the statute of limitations. Dkt. No. 9. That motion is joined by defendants Jian Feng Chen and Kelly Ruiman Chen. Dkt. No. 11. McZeal opposes and moves to strike the motion, claiming the motion was not properly served and failed to comply with the Northern District Civil Local Rules. He also argues, on the merits, that he has adequately pleaded his claims and they are not barred by the statute of limitations. Oppo. to MTD, Dkt. No. 26; Motion to Strike, Dkt. No. 27. He moves to disqualify defendant McDonagh from representing other defendants as that raises impermissible conflicts of interest. Motion to Disqualify, Dkt. No. 29.

    As discussed below, the claims asserted by McZeal are barred on their face by the *Rooker-Feldman* doctrine and the statute of limitations. Even though Hong, the Trust, and McDonagh individually have not moved to dismiss, it is clear that the claims against them fail for the same reasons discussed in this Order. Defendants' motion to dismiss is GRANTED and the Complaint is DISMISSED WITH PREJUDICE against all defendants. McZeal's motions to strike and disqualify are DENIED.

## DISCUSSION

### I. MOTION TO STRIKE

    McZeal moves to strike or deny the motion to dismiss because: (1) the motion was not properly served on him; and (2) because defendants violated the Civil Local Rule requiring a moving party to file a proposed order. Dkt. No. 27. This motion is DENIED.

    McZeal opposed the motion to dismiss on its merits, and indeed filed affirmative motions of his own. Assuming that there was a technical defect in the service of defendants' motion to dismiss on McZeal, there was no harm or prejudice to McZeal that would justify striking the motion. Likewise, the failure to file a proposed order with defendants' initial motion as required by the Northern District's Local Rules does justify striking the motion to dismiss. That

requirement is meant to save the Court's time.  No harm or prejudice resulted to McZeal.[1]

Accordingly, I will consider all arguments raised by both plaintiff and defendants on their merits.

## II. MOTION TO DISQUALIFY

McZeal moves to disqualify defendant McDonagh from representing the Solon House defendants, arguing that there is an "inherent conflict of interest" based on McZeal's allegations that McDonagh engaged in "significant misconduct" giving rise to this action and as a result "his continued representation of other defendants compromises the integrity of the proceedings and unfairly prejudices the Plaintiff."  Dkt. No. 29.

District courts have inherent authority to disqualify counsel.  *See United States v. Wunsch*, 84 F.3d 1110, 1114 (9th Cir. 1996).  Civil Local Rule 11-4(a)(1) mandates that every attorney who appears before this court "comply with the standards of professional conduct required of the members of the State Bar of California."  Civil L.R. 11-4(a)(1).  However, "[b]ecause of their susceptibility to tactical abuse, [m]otions to disqualify counsel are strongly disfavored" and "should be subjected to particularly strict judicial scrutiny."  *Oracle Am., Inc. v. Innovative Tech. Distrib.*, LLC, 11-CV-01043-LHK, 2011 WL 2940313, at *4 (N.D. Cal. July 20, 2011) (quotation marks omitted).  Similarly, courts must be cognizant of the "substantial hardship" and the "monetary and other costs of finding a replacement" on parties whose counsel is disqualified.  *Gregori v. Bank of Am.*, 207 Cal. App. 3d 291, 300 (Ct. App. 1989).

McZeal's motion to disqualify McDonagh from representing the Solon House defendants is DENIED.  As explained below, each of McZeal's causes of action fails as a matter of law concerning all defendants.  There are no apparent conflicts between McDonagh and the Solon House defendants that call into question the ability of McDonagh to represent his clients or that justify interfering with the Solon House defendants' selection of McDonagh to represent them.  Any prejudice from disqualification would impact the Solon House defendants, not McZeal.

---

[1] For the same reasons, McZeal's arguments that the joinder by defendants Jian Feng Chen and Kelly Ruiman Chen was similarly procedurally defective, Dkt. No. 28 are rejected.

### III. MOTION TO DISMISS

#### A. Barred by *Rooker-Feldman* Doctrine

As an initial matter, the majority of McZeal's causes of action, as well as the main remedy he seeks, are barred as a matter of law by the *Rooker-Feldman* doctrine, which bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). "[W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal." *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003). The *Rooker-Feldman* doctrine applies even when the state court judgment is not made by the highest state court. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986). However, while a litigant cannot collaterally attack or void a judgment from a state court that is final, the *Rooker-Feldman* doctrine will not bar a subsequent action against parties for procuring a state court judgment based on extrinsic fraud. *Kougasian*, 359 F.3d at 1139.

Here, all challenges to the Superior Court's Quiet Title Judgment – including allegations that it is void based on failures of proper service and notice to McZeal – are barred. The only bases McZeal asserts for his attempts to challenge the Quiet Title Judgment are that: (1) he was not properly served with notice of the Quiet Title proceedings so he could contest the cancellation of the grant deed McZeal received from the former occupant of the Property (Rene Del Prado); and (2) the only reason the Superior Court entered the Quiet Title Judgment was based on the conspiracy of Hong (the court appointed trustee) and his attorney, McDonagh, "to manipulate legal and procedural mechanisms with the intent to deprive Plaintiff of his property without his knowledge or consent," violating his constitutional rights to due process and equal protection. Compl. at 1.

These are challenges that could have been *and in fact were* raised before the California Courts. The Quiet Title Judgment was entered by the Superior Court on September 2, 2020. Compl. Ex 1. According to the state court docket, attached as Exhibit 2 to the Complaint, the state court action was initiated in April 2019 with a petition to remove a trustee of the Del Prado Family

1   Trust. Hong was appointed the successor trustee by the Superior Court in October 2019. *Id*.

2   Rene Del Prado attempted to stay proceedings repeatedly, and Hong (as court appointed trustee)

3   filed the petition to quiet title in January 2020, securing relief from the automatic bankruptcy stay

4   in April 2020. *Id*. On May 28, 2020, McZeal entered an appearance in the action and filed a

5   "notice of stay of proceedings." *Id*. He obviously was well aware of the pendency of the action to

6   Quiet Title by May 2020. The petition to Quiet Title was heard by the Superior Court on August

7   17, 2020 and granted on September 1, 2020, and the Judgment was entered on September 2, 2020.

8   *Id*.

9         McZeal had notice of the proceedings and was able to file documents in that case. On

10  September 24, 2020, shortly after the entry of the Quiet Title Judgment, McZeal filed an

11  application to "set aside" the Quiet Title Judgment that voided his grant deed. *See* Motion to

12  Dismiss, Ex. B. He raised the exact same arguments he raises here, that he was not personally

13  served with process and as a result was unaware of the Judgment. *Id*.; *see also* Declaration of

14  Stephen B. McDonagh (Dkt. No. 9-2), Ex. B.

15        McZeal's allegation in the Complaint that he became "aware of the full judgment around

16  11/20/2022 while searching court records," Compl. pg. 3, is contradicted by his own filings in

17  Superior Court, including a Notice of Appearance on September 22, 2020, and the filing of the

18  application challenging the Quiet Title Judgment on September 24, 2020. McDonagh Decl., Ex.

19  B. Finally, defendants assert and McZeal does not dispute that on February 24, 2021, he filed a

20  Notice of Appeal challenging the Quiet Title Judgment. MTD at 2 (citing Ex. C).

21        McZeal's causes of action for "void judgment," to quiet title, for a constructive trust over

22  the Property, for cancellation of written instrument regarding the Property, declaratory judgment

23  that the Property is his, and request to void the Quiet Title Judgment and convey the Property back

24  to him in a constructive trust or otherwise are all DISMISSED WITHOUT LEAVE TO AMEND,

25  as they are a collateral attack on the Quiet Title Judgment entered by the Superior Court and

26  barred by *Rooker-Feldman*. The remaining substantive claims –fraudulent securing of the

27  Judgment, negligent misrepresentations, violations of civil rights and RICO – could be seen as

28  similarly barred because they all hinge on the same conduct that could have been and should have

1 been challenged through the available state court procedures. But if the fraud and constitutional

2 violation claims are not directly barred by the *Rooker-Feldman* – including that Hong and

3 McDonagh secured the Quiet Title Judgment by fraud – the claims are still barred as a matter of

4 law for the reasons discussed below.[2]

### B. Barred by Statute of Limitations

The fraud-based causes of action have a three-year statute of limitations. *See* Cal. Code of Civil Procedure § 338(d); *see also Platt Elec. Supply, Inc. v. EOFF Elec., Inc*., 522 F.3d 1049, 1054 (9th Cir. 2008). As noted above, by September 20, 2020, McZeal was alleging that McDonagh and Hong engaged in the same conduct complained of here, that they conspired to deprive him of the Property by failing to serve him with process and notice of the action to Quiet Title and thereby secured the Quiet Title Judgment. McDonagh Decl., Ex. B (9/20/2020 Application to Set-Aside Order to Quiet Title). Therefore, this action should have been filed by September 2023. It was not filed until May 2024. All claims sounding in fraud are barred as a matter of law by the statute of limitations.

The same is true to the extent McZeal is alleging a civil conspiracy to defraud him of the Property. The applicable statute of limitations for a civil conspiracy claim is the statute of limitations for the underlying claim. *See, e.g., Keating-Traynor v. AC Square, Inc*., C08-02907-MHP, 2008 WL 3915169 (N.D. Cal. Aug. 22, 2008) *aff'd sub nom. Keating-Traynor v. AC Square*, 343 F. App'x 214 (9th Cir. 2009). Therefore, the same three-year statute of limitations that applies to the fraud causes of action applies to the conspiracy to defraud causes of action.

All fraud-based claims are DISMISSED WITHOUT LEAVE because they are barred on their face by the statute of limitations.

### C. No State Action for Constitutional Claims

Finally, each of McZeal's constitutional violation claims fail as a matter of law.

**42 U.S.C. § 1983**. McZeal attempts to state a series of claims based on alleged constitutional deprivation of his rights to contract, rights to due process, and rights to equal

---

[2] McZeal's causes of action for equitable estoppel and unjust enrichment are remedies that fail as a matter of law because all substantive claims fail as a matter of law.

protection under 42 U.S.C. §1983. However, "[t]o state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). McZeal has not alleged *any* constitutional violations. His only complaints are lack of service of process and notice in the Quiet Title proceeding, but as discussed above he received both notice and process in the state court proceeding.[3] And even if some plausible constitutional violation could have been asserted, there are no facts supporting that any of the defendants were "acting under color of law" as required. Simply being court-appointed trustee and seeking relief on behalf of a trust is not acting under color of law.[4] Nor is being an attorney seeking relief on behalf of a client in state court.[5] McZeal's Section 1983 claims fail as a matter of law.

**42 U.S.C. § 1985**. 42 U.S.C. § 1985 contains three substantive provisions. Section 1985(1) applies only to federal officers and does not apply in this case. *Canlis v. San Joaquin Sheriff's Posse Comitatus*, 641 F.2d 711, 717 (9th Cir. 1981). Section 1985(3) requires that plaintiff be deprived of constitutional rights due to class-based animus. *Pennington Manistee Town Ctr. v. City of Glendale*, 227 F.3d 1090, 1095 (9th Cir. 2000). Section 1985(2) covers conspiracies to deprive persons of their constitutional rights. To state a claim under this sub-section, a plaintiff must show "(1) a conspiracy between two or more persons, (2) to deter a

---

[3] The availability of an adequate state post-deprivation remedy precludes relief on a constitutional denial of due process claim because it provides. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990). Here McZeal could and did seek relief through state court procedures available to challenge and appeal the Quiet Title Judgment. That defeats a denial of due process argument as a matter of law.

[4] *See, e.g., Brooks v. Atwood*, No. CV 15-7724-JFW(E), 2016 WL 11746817, at *6 (C.D. Cal. May 13, 2016), report and recommendation adopted, No. CV 15-7724-JFW(E), 2016 WL 11746767 (C.D. Cal. June 20, 2016) ("Defendants' alleged actions with respect to the prosecution of probate proceedings and estate-related litigation concerning real property do not encompass the exercise of powers traditionally reserved exclusively to the state"); *Witte v. Young*, No. 2:14-CV-2439-TLN-EFB, 2015 WL 5232681, at *4 (E.D. Cal. Sept. 8, 2015) ("court appointed personal representatives of estates are not state actors for purposes of § 1983").

[5] *See Polk County v. Dodson*, 454 U.S. 312, 318 n. 7 (1981) (an attorney does not act under the color of state law for the purposes of 42 U.S.C. § 1983 when performing the traditional role of an attorney).

8

witness by force, intimidation or threat from attending court or testifying freely in any pending matter, which (3) results in injury to the plaintiff." *Head v. Wilkie*, 936 F.3d 1007, 1010 (9th Cir. 2019).

In addition to the failure to allege an actionable deprivation of civil rights (discussed above), McZeal also fails to provide any facts to substantiate the alleged conspiracy, such as when and how the agreement to deprive him of his rights took place, or any acts that defendants took in furtherance of the conspiracy. Conclusory allegations of conspiracy like those in the Complaint fail to state a claim. *Webster v. Bronson*, 402 F. App'x 280, 282 (9th Cir. 2010); *Delacruz v. State Bar of California*, No. 16-CV-06858-BLF, 2018 WL 3077750, at *12 (N.D. Cal. Mar. 12, 2018); *Scott v. Diesman*, No. CV 09-7215-GHK PLA, 2010 WL 1194228, at *9 (C.D. Cal. Mar. 23, 2010). The conspiracy-based claim fails for multiple reasons as a matter of law.[6]

**42 U.S.C. § 1986**. Section 1986 imposes liability on those who know of and fail to prevent others from conspiring to deprive someone of their civil rights. A section 1986 claim is predicated upon a valid 42 U.S.C. section 1985 claim. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Because McZeal's section 1985 claim fails, so does his section 1986 claim.

**42 U.S.C. § 1981**. Section 1981 promises that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts, to sue, be parties, [and] give evidence . . . as is enjoyed by white citizens." 42 U.S.C. § 1981. Section 1981 prohibits racial discrimination by private actors. *See Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 459-60 (1975); *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989). But it only prohibits intentional discrimination in connection with contracts. *See Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982). Here, while McZeal asserts that he is African American, there is no allegation that any defendant knew that or otherwise took action based on McZeal's race. Moreover, the only contract at issue is one that the Superior Court found was void (the grant deed), and the Superior Court's determination that the grant deed was void cannot form a basis for a Section 1981 claim against

---

[6] McZeal's RICO conspiracy claims fails for the same reason.

9

these defendants.[7]

## CONCLUSION

McZeal's motion to strike and motion to disqualify are DENIED. The multiple defects in the claims asserted by McZeal require me to GRANT the motion to dismiss. Those multiple defects are apparent from the face of the claims and cannot be overcome with the allegations of additional facts. Therefore, defendants' motion to dismiss is GRANTED WITH PREJUDICE. Judgment will be entered in favor of defendants. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated: October 28, 2024

William H. Orrick
United States District Judge

---

[7] McZeal's claims that he was deprived of equal protection under the law fail for the same reason.

10